1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM MOALEM,

11            Petitioner,              No.  CIV S-11-1890 JAM GGH P

12       vs.

13   GARY SWARTHOUT,

14                            FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17            Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, convicted of first degree murder and

19   sentenced to a term of seven years to life in San Mateo County Superior Court in 1999,

20   challenges the 2009 decision by the California Board of Parole Hearings (BPH), finding him

21   unsuitable for parole.[1]  Petition (docket # 4), p. 2; Parole Hearing Transcript (docket # 17-1), p.

22   4; (docket # 17-2), pp. 37-44.  By order filed on September 14, 2011, for reasons set forth

23   therein, the court dismissed five of the six grounds petitioner raised, allowing him to proceed

24   \\\\\\

25   _____

26         [1] This matter was transferred from the Northern District on July 15, 2011.

1  only as to ground two (2),[2] wherein petitioner contended that BPH in 2009 violated an agreement

2  with the BPH legal department to allow petitioner to present all the facts after delaying the

3  hearing for a year, violating petitioner's due process rights.  Petition, pp. 4, 11, 27-28.[3]

4          As to petitioner's second ground for relief, however, he contends
           that the BPH had agreed through its legal department in 2008 to
5          delay his hearing for a year in order to allow petitioner to present
           all the post-conviction exculpatory information with regard to the
6          commitment offense, i.e, in support of his claim of innocence.
           Petition, pp. 5, 27-28.  However, the BPH panel, according to the
7          petitioner, stopped petitioner before he was able to make his full
           presentation to which both he and his counsel objected on the
8          record.  Id.  Because no copy of the hearing transcript is provided,
           the court is unable to determine whether this ground implicates the
9          question of whether petitioner "received adequate process" on the
           basis that he was not "allowed an opportunity to be heard."
10         Swarthout v. Cooke, at 862.

11  Order, filed on Sept. 14, 2011, pp. 7-8.

12          Pending before the court is respondent's motion to dismiss, filed on November 7,

13  2011 (docket # 17), to which petitioner filed his opposition on December 12, 2011 (docket # 19).

14  Motion to Dismiss

15          Petitioner contends in his remaining ground that at the 2008 BPH hearing, the

16  commissioner "in the interest of justice" and "at the behest of the deputy district attorney"

17  advised a delay of that hearing so that the legal department would be able "to review the new

18  exculpatory facts in preparation for the next hearing."  Petition, p. 27.[4]  Petitioner maintains that

19  notwithstanding the commissioner's having "specifically guaranteed" him "the right to make a

20  full and complete presentation," the commissioner at the 2009 BPH parole hearing "stopped

21

22      [2]  It was noted in the order that Claim 6 contained a repetition, in part, of Claim 2 and, to
     that extent, was subsumed within Claim 2.  See Order, filed on Sept. 14, 2011, n. 12.
23

24      [3]  Claim 6 contains some elements set forth in Claim 2; as indicated in footnote 12 of the
     Order of Sept. 14, 2011, that part of Claim 6 is subsumed within Claim 2.

25      [4]  Petitioner appears to quote from a portion of the 2008 hearing transcript which he avers
     is attached as Exhibit B, however, there is not exhibit attached to the petition filed in this court's
26  case docket.

1   petitioner from completing his presentation." Id.  As a result based on the agreement in 2008,

2   petitioner argues, his right to due process was violated at the 2009 BPH hearing.  Id.

3            With the motion to dismiss, respondent submits the transcript of the 2009 BPH

4   hearing.  MTD, Exhibit (Ex.) 1.  Respondent contends that petitioner fails to state a cognizable

5   federal habeas claim inasmuch as the 2009 BPH panel did receive and consider the documents

6   submitted by petitioner as evidence of his innocence and allowed him to discuss the allegedly

7   exculpatory evidence at length.  MTD, p. 2, citing Ex. 1 at 7-18, 25-31.  Respondent maintains

8   that the panel only stopped petitioner's testimony re: the alleged evidence because his discussion

9   involved information irrelevant to a determination of his parole suitability.  Id.  According to

10  respondent, notwithstanding the BPH panel's having stopped the lengthy presentation by

11  petitioner because the hearing was becoming a re-trial of the original case, which was beyond the

12  panel's role as correctly noted by the panel, the panel members nevertheless permitted petitioner

13  to submit his documents for their consideration.  Id., citing Ex. 1 at 32-35.  Thus, according to

14  respondent, petitioner was provided an opportunity to be heard, which, as well as a statement of

15  reasons for their decision which was provided, satisfies due process under Swarthout.  Id.

16          In opposition, petitioner maintains that he was denied his due process rights

17  because the 2009 BPH panel did not honor the commitment, at least as petitioner understood it,

18  that was the basis for the delay of the 2008 hearing, wherein the deputy district attorney objected

19  to facts petitioner was presenting on the basis of a lack of authentication.  Opposition (Opp.), p.

20  2.  At the 2009 hearing, petitioner read the following from what the presiding commissioner

21  (Bryson) at the 2008 hearing had apparently stated:

22          All right, the court would appear to be [sic] appropriate venue, sir,
            however in deference to Title 15, 2236, in which written materials
23          submitted by the prisoner under Section 2249 relating to personal
            culpability shall be considered, the Panel recognizes that you have
24          put an informational document together today which we believe is
            incomplete and we are willing to postpone this hearing - - we are
25          willing to postpone this hearing - - for one year to give you the
            opportunity to put that material together and submit it to the Board,
26          give the Board time to, and give the Board time to review it.  I have

1    consulted with our legal division and they're willing to look that
     material over upon receipt of that material.
2

3    Respondent's Ex. I, p. 34.[5]

4              When, however, petitioner then asked the 2009 presiding commissioner

5    (Arbaugh) if the legal department had reviewed the material, the response was "I don't know."

6    Opp., p. 3, citing id.   Petitioner's counsel objected to such material as the probation report,

7    district attorney's statement and judge's report at the hearing, and petitioner wanted to present

8    the information he had submitted and additional information that emerged post-trial.  Opp., at 3.

9    Petitioner contends that as the information, including post-trial information, he had submitted

10   had not yet been read by the commissioner, he sought to present the information at the hearing.

11   Id.  Petitioner argues that the criminal trial witnesses against him testifying under grants of

12   immunity, on whose testimony the parole commissioner had relied in the probation report and

13   district attorney's statement, among others, had recanted in later civil trial transcripts.  Id., at 4.

14   Petitioner does not dispute respondent's assertion that he was permitted to submit the

15   documentation after his statement was stopped, but contends that he provided the panel with

16   about three inches of documentation which he believes would have been "virtually impossible"

17   for the panel to "read and absorb" in the approximately 70-minute span of time in the hearing's

18   break.  Id.  It is petitioner's position that the 2009 panel was supposed to review the information

19   he had presented prior to the hearing, which included recantation of the criminal trial witnesses

20   in later civil proceedings which supported his own criminal trial testimony of innocence, in

21   accordance with the advice of BPH's attorneys at the postponed 2008 hearing and that he was

22   entitled to be heard on this evidence at the 2009 hearing, which the Attorney General [apparently,

23   in response to a habeas petition] had indicated "mildly corroborated" petitioner's version of

24   events.  Id., at 8.  Not being able to fully present the exculpatory evidence negatively impacted an

25

26   _____
          [5] The undersigned references the page numbers of the court's electronic pagination
     system.

1    assessment of his current level of dangerousness, in essence.

2            *Analysis*

3            As petitioner has been previously informed, on January 24, 2011, the United

4    States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding

5    a federal review of the state's application of state law in applying the "some evidence" standard

6    in the parole eligibility habeas context.   Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861

7    (2011).   Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-

8    affirmed that "'federal habeas corpus relief does not lie for errors of state law.'"  Id.   While the

9    high court found that the Ninth Circuit's holding that California law does create a liberty interest

10   in parole was "a reasonable application of our cases" (while explicitly not reviewing that

11   holding),[6] the Supreme Court stated:

12            When, however, a State creates a liberty interest, the Due Process
             Clause requires fair procedures for its vindication-and federal
13            courts will review the application of those constitutionally required
             procedures. In the context of parole, we have held that the
14            procedures required are minimal.

15   Swarthout v. Cooke, at 862.

16            Citing Greenholtz,[7] the Supreme Court noted it had found under another state's

17   similar parole statute that a prisoner had "received adequate process" when "allowed an

18   opportunity to be heard" and "provided a statement of the reasons why parole was denied."

19

20            [6]  While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010)
     (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
21   which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially
     overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme
22   Court, a district court is no longer bound by that authority, and need not wait until the authority is
     also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23   banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
     overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24   decisions do not expressly overrule the prior circuit precedent."  Miller, 335 F.3d at 899 (quoting
     Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court
25   is not bound by Hayward.

26            [7]  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1  Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not

2  require more," the justices in the instances before them, found the prisoners had "received at least

3  this amount of process: They were allowed to speak at their parole hearings and to contest the

4  evidence against them, were afforded access to their records in advance, and were notified as to

5  the reasons why parole was denied." Id.

6       The Supreme Court was emphatic in asserting "[t]hat should have been the

7  beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It

8  will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty

9  interest...." Id., at 863.  "No opinion of ours supports converting California's "some evidence"

10 rule into a substantive federal requirement." Id., at 862.  Thus, it appears there is no federal due

11 process requirement for a "some evidence" review and it also appears that federal courts are

12 precluded from review of the state court's application of its "some evidence" standard.

13      This court's review of the 2009 transcript of the BPH hearing does not support

14 petitioner's position and his arguments do not demonstrate a federal due process violation.

15 The transcript reveals, as respondent contends, that petitioner was provided ample opportunity to

16 present the evidence that he believes exculpates him.  Petitioner was permitted to discuss at

17 length his version of the tangled events surrounding the victim's murder, including that life

18 insurance had been purchased on the victim when the victim still owed petitioner money for the

19 sale of petitioner's practice to the victim, which policy the petitioner had not renewed and which

20 was not in effect upon the victim's death, and including that petitioner's wife (now ex-wife) was

21 having an affair with the insurance agent through whom life insurance on the victim was

22 purchased and the two conspired to kill the victim, with the services of a hired hit man.  BPH

23 transcript (docket # 17-1), at 26-27.  According to petitioner, the insurance agent represented to

24 his company that a mistake had been made and that the insurance was in effect because the

25 premium had been paid by petitioner's wife. Id., at 27.  Petitioner indicated that he had

26 documentation from the insurance company that there was no policy in effect at the time of the

1  victim's death; that in a wrongful death settlement with the victim's family, the insurance agent

2  admitted his complicity in the victim's death; that if the agent subsequently admitted his

3  complicity then his testimony under an immunity grant that petitioner was not his crime partner

4  or co-conspirator takes on a different meaning.  Id., at 27-28.   Petitioner also talks of affidavits

5  of individuals showing that the hired killer never knew or spoke with petitioner, which the

6  hitman allegedly told the district attorney himself.  Id., at 30.  In other words, petitioner presents

7  what his evidence purportedly shows from pages 26-31 of the transcript and he summarizes his

8  assessment of the evidence on pp. 34-35.   At the point when petitioner is finally stopped, the

9  interchange went, in part, as follows:

10          Presiding Commissioner Arbaugh: Sir, I need you to present what
            you're going to present to me.  Sir?
11
            Inmate Moalem: Yes, sir.
12
            Presiding Commissioner Arbaugh: Any written documentation that
13          you want to [sic] the Panel do so.

14          Inmate Moalem: I'll finish up this summary.

15          Presiding Commissioner Arbaugh: No, you won't.

16          Inmate Moalem: You don't want me to finish the summary up?

17          Presiding Commissioner Arbaugh: No.  You can present it and
            we'll look at it on this side of the table during deliberation.
18

19  Hearing Transcript (docket # 17-1), pp. 35-36.

20          In addition, petitioner continued to actively participate in his hearing thereafter.

21  See, e.g., (docket # 17-2), pp. 22-25.   Petitioner's counsel also took part throughout.

22          As noted above, this court's review of petitioner's federal due process claim is

23  confined to the very limited issue of whether petitioner received adequate process at the parole

24  hearing.  "Because the only federal right at issue is procedural, the relevant inquiry is what

25  process [petitioner] received, not whether the state court [and BPH] decided the case correctly."

26  Swarthout, 131 S.Ct. at 863.  Here, the record reflects that petitioner was present, with his

counsel, at the April 22, 2009, parole hearing; petitioner, as well as his counsel, participated very

actively (that is, he was heard) in the hearing; and petitioner was provided with the reasons for

the BPH decision denying parole.  The BPH panel stated that it had "reviewed all information

received from the public and all relevant information that was before us today in concluding that

the prisoner is not yet suitable for parole because he poses a present risk of danger to society or a

threat to public safety if released from prison."  MTD, Exhibit 1, Part A, BPH Subsequent Parole

Consideration Hearing Transcript-4/22/09, p. 37; see also, p. 44 ("After weighing all the

evidence presented today, the Panel finds that you are unsuitable for parole because you remain a

present risk of danger if released....").  According to the United States Supreme Court, the federal

due process clause requires no more.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

dismiss, filed on November 7, 2011 (docket # 17), be granted and this case be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability

should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

\\\\\

\\\\\

advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2012

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
moal1890.mtd

9